IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNYSLVANIA

| | |
|---|---|
| WESTINGHOUSE ELECTRIC COMPANY LLC, | )<br>)<br>)   Civil Action No. _____ |
| Plaintiff, | )   Filed Electronically<br>) |
| vs. | )   [JURY TRIAL DEMANDED]<br>) |
| ZETEC, INC., | )<br>) |
| Defendant | ) |

**COMPLAINT**

Plaintiff, Westinghouse Electric Company LLC ("WEC"), through its counsel, Pietragallo Gordon Alfano Bosick & Raspanti LLP, hereby alleges the following for its complaint against Defendant, Zetec, Inc. ("Defendant" or "Zetec"):

**THE PARTIES**

1. Plaintiff, WEC, is a limited liability company organized and existing under the laws of the State of Delaware with headquarters located at 1000 Westinghouse Drive, Cranberry Township, Pennsylvania 16066.

2. Upon information and belief, Defendant, Zetec, is a corporation organized and existing under the laws of the State of Washington with offices located at 8226 Bracken Place SE, Suite 100, Snoqualmie, Washington 98065. Zetec is registered to do business in Pennsylvania, and upon information and belief, Zetec is doing business, has carried out substantial business, and has had substantial contacts with this judicial district.

**JURISDICTION AND VENUE**

3. This Complaint alleges patent infringement under the Patent Act, 35 U.S.C. § 271, *et seq.*

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

5. Upon information and belief, Zetec is doing business, has carried out substantial business, and has had substantial contacts with Pennsylvania and this judicial district.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

**SUMMARY OF FACTS**

7. Plaintiff, WEC, is the owner by assignment of United States Patent No. 6,823,269 ("the '269 Patent"), issued November 23, 2004, and titled "Eddy Current Data Union". A true and correct copy of the '269 Patent is attached hereto as Exhibit A.

8. The '269 Patent discloses and claims innovative and valuable inventions relating to synthesizing nondestructive examination data of a component by combining portions of specimen data and field data in a combined data stream, or data union. In particular, the inventions of the '269 Patent have valuable application in the field of performing automated analysis of eddy current data from steam generator tubing inspections to detect or identify potential flaws or defects in the steam generator tubing. Data union is a key tool to assist tube integrity engineers in justifying positions taken in degradation, condition monitoring and operational assessments.

9. Zetec's RevospECT is a system and process that employs various techniques including signal injection to perform automated analysis of eddy current data from steam generator tubing inspections. Zetec's RevospECT system is described on their Internet website as "a system and process that performs automated analysis of eddy current data from steam generator tubing inspections. RevospECT has met rigorous industry standards for flaw analysis from bobbin, rotating and array probe techniques and has demonstrated performance for a wide variety of non-flaw conditions as well. Additionally, RevospECT offers tube noise measurements to meet ongoing industry initiatives to monitor POD and performs a variety of data quality checks to alert inspection personnel to adverse conditions." *See*: http://www.zetec.com/2010/07/revospect/.

10. In addition, Zetec's RevospECT system is further described as being "fully capable of performing multiple path analysis using various detection and classification algorithms, applying any combination of probe technologies and analysis methodologies, to exceed the key performance indices of current dual analysis concepts, with additional capability to address history through loaded historical results and apply rule-based logic for final reporting of an indication. RevospECT can also be configured to output independently derived analysis results for conventional dual analysis resolution." *See*: http://www.zetec.com/2010/07/revospect/.

11. On or about August 17, 2012 counsel for WEC directly notified Zetec by letter of its belief that Zetec's systems may be covered by one or more claims of the '269 Patent, and requested an analysis of how Zetec's system was distinguished from the claims of the '269 Patent. Counsel for Zetec subsequently responded on September 6, 2012 with a letter expressing Zetec's belief that the '269 Patent was invalid. Counsel for WEC and Zetec

exchanged two additional letters concerning infringement of the '269 Patent by Zetec. *See* Exhibit B, notice letters.

12. Upon information and belief, and notwithstanding WEC's notification of infringement, Zetec continues to manufacture, use, sell, and offer for sale its infringing systems, including Zetec's RevospECT system.

## COUNT I
## INFRINGEMENT OF THE '269 PATENT

13. WEC repeats and re-alleges each and every averment contained in paragraphs 1-12 of this Complaint as if fully set forth herein.

14. Zetec has infringed and is infringing the '269 Patent in the United States by at least making, using, offering to sell, selling, importing, causing to be made, causing to be used, causing to be offered for sale, causing to be sold and/or causing to be imported systems and/or methods, including Zetec's RevospECT system, that infringe one or more of the claims of the '269 Patent. Upon information and belief, Zetec has and is contributorily and/or actively inducing infringement of the '269 Patent by providing its customers with the infringing systems along with instructions for use and/or other operational materials.

15. On information and belief, Zetec's infringement, contributory infringement and/or active inducement of others' infringement of the '269 Patent have taken place with full knowledge of the '269 Patent and has been intentional, deliberate and willful, making this an exceptional case entitling Plaintiff to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

16.     By reason of the foregoing, Plaintiff has been damaged and will continue to be damaged, and has suffered and will continue to suffer irreparable loss and harm unless Zetec is enjoined by this Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, WEC, prays:

A)      that Zetec, its officers, agents, servants and employees be preliminarily and permanently enjoined from infringing Plaintiff's Patent pursuant to 35 U.S.C. § 283;

B)      that a judgment be entered that Zetec has infringed Plaintiff's Patent;

C)      that Zetec be found liable to Plaintiff for its acts of infringement and be ordered to pay damages pursuant to 35 U.S.C. § 284 as a result of infringement of Plaintiff's Patent, and all damages suffered by Plaintiff as a result of the infringement;

D)      that this case be adjudged and decreed exceptional under 35 U.S.C. § 285 and that Zetec be ordered to pay treble damages and the expense and costs incurred by Plaintiff, including reasonable attorneys' fees;

E)      that Plaintiff be awarded its costs and prejudgment interest on all damages pursuant to 35 U.S.C. § 284; and

F)      that Plaintiff be awarded such further relief as the court may deem appropriate.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff, WEC, hereby demands a trial by jury of all issues triable by jury.

                                          Respectfully submitted,

Dated:  August 2, 2013                /s/ Douglas M. Hall
                                          Douglas M. Hall, Esquire
                                          Pa. I.D. No. 307876
                                          Eric G. Soller, Esquire
                                          Pa. I.D. No. 65560
                                          Alan G. Towner, Esquire
                                          Pa. I.D. No. 67984

                                          PIETRAGALLO GORDON ALFANO BOSICK
                                          & RASPANTI LLP
                                          One Oxford Centre – 38th Floor
                                          301 Grant Street
                                          Pittsburgh, PA  15219

                                          Attorneys for Plaintiff
                                          WESTINGHOUSE ELECTRIC COMPANY
                                          LLC